UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MITCHELL McPHEE,

                Plaintiff,

-against-

UNITED STATES OF AMERICA; JULIANA NEWCOMB MURRAY, US Department of Justice, Crim Division; LOUIS ANTHONY PELLEGRINO, U.S. ATTORNEY OFFICE SDNY,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/2021

1:21-cv-08672-GHW

ORDER OF DISMISSAL

GREGORY H. WOODS, United States District Judge:

    Plaintiff, who is currently detained in MDC Brooklyn, brings this *pro se* action, for which the filing fees have been paid, alleging that Defendants violated his constitutional rights. For the reasons stated below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special

solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits.  To state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct.  In reviewing the complaint, the court must accept all well-pleaded factual allegations as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Twombly*, 550 U.S. at 555.  After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.  *Id.*

**BACKGROUND**

Plaintiff Mitchell McPhee brings this action using the Court's general complaint form, and he invokes the Court's federal question jurisdiction.  In the section which asks Plaintiff which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes:

> The Defendant's/Respondent's herein are in violation of the 9th Amendment to the U.S. Constitution The enumeration in the construed to deny or disparage other's retained by the people.

(ECF No. 1 at 2.)  Plaintiff alleges that the events giving rise to his claims occurred on September 25, 2019.  Plaintiff names as Defendants the United States of America, and Assistant United States Attorneys Juliana Newcomb Murray and Louis Anthony Pellegrino.  Plaintiff attaches typed pages to his complaint, but these pages are not the model of clarity, and it is unclear how the information on these typed pages is related to his claims against Defendants.

A review of the Public Access to Court Electronic Records (PACER) system reveals that Plaintiff has a criminal case pending before the Honorable Richard M. Berman of this court. *See United States v. McPhee*, ECF 1:19-CR-0745, 6 (S.D.N.Y. Oct. 15, 2019). A review of the docket for that case reveals that Defendants Juliana Newcomb Murray and Louise Anthony Pellegrino are the assigned Assistant United States Attorneys. According to the criminal docket, Plaintiff was arrested on September 25, 2019, which is also when Plaintiff asserts the events giving rise to his civil claims occurred.

## DISCUSSION

Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].").

**A.     The Court will not intervene in the criminal proceedings before Judge Berman**

To the extent that Plaintiff is asking the Court to intervene in his pending criminal proceedings, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts may not stay or enjoin pending *state* court proceedings except under extraordinary circumstances. Many courts have extended the holding of *Younger* and concluded that federal courts also may not stay or enjoin *federal* prosecutions. This makes sense, since one basis of *Younger*'s holding was that federal courts are bound by the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43-44. As the Supreme Court stated in an earlier case:

3

> It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction.

*Douglas v. City of Jeannette*, 319 US 157, 163 (1943). Accordingly, when asked to intervene in pending federal criminal proceedings, courts have inevitably refused. *See, e.g., Ceglia v. Zuckerberg*, 600 F. App'x 34, 37-38 (2d Cir. 2015) (summary order) (under *Younger*, a court may civilly enjoin a federal criminal prosecution only "where the danger of irreparable loss is both great and immediate," but "[g]enerally, no danger exists where the defendant has the opportunity to offer a defense in the criminal prosecution . . . in a federal forum." (citing *Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987) (affirming denial of an attempt to enjoin prosecution by an independent counsel, and noting that "in no case that we have been able to discover has a federal court enjoined a federal prosecutor's investigation or presentment of an indictment")); *Barnes v. Salina*, No. 18-CV-6060 (FPG), 2018 U.S. Dist. LEXIS 19421, at *1-3 (W.D.N.Y. Feb. 5, 2018) (dismissing petition under § 2241 that sought release from custody and dismissal of pending federal criminal charges: "While *Younger* involved a case where a federal court was asked to interfere in a pending state criminal prosecution, its equitable principles apply where federal courts are asked to interfere in a federal criminal action."); *Kajtazi v. Johnson-Skinner*, No. 16-CV-9434 (AJN), 2017 U.S. Dist. LEXIS 13364, at *1-8 (S.D.N.Y. Jan. 30, 2017) ("Because '[t]here are adequate remedies available to [Plaintiff] within the underlying criminal proceedings to address the issues raised' in his Complaint, the application for an injunction is properly dismissed." (quoting *Ali v. United States*, 12-cv-816A, 2012 U.S. Dist. LEXIS 132463, 2012 WL 4103867, at *2 (W.D.N.Y. Sept. 14, 2012) (dismissing petition under § 2241)); *Buczek v. Bruce,* 09-CV-1129, 2011 U.S. Dist. LEXIS 55409, at *13 (W.D.N.Y. May 19, 2011); *Kantipuly v. Ross*, No. 06-CV-0792E, 2007 U.S. Dist. LEXIS 104605, at *4-5 (W.D.N.Y. Jan. 17, 2007) (collecting cases); *Campbell v. Chase Nat'l Bank*, 5 F. Supp. 156, 167 (S.D.N.Y. 1933), *aff'd*,

71 F.2d 671 (2d Cir. 1934) (dismissing suit against United States Attorney, which sought to enjoin prosecution of indictment; "Campbell has raised the constitutional question here involved in the criminal case by his demurrers, and that question can be decided as well there as on the equity side of the court. Campbell has, therefore, an adequate remedy at law – that it may not be such an agreeable remedy from his point of view is beside the point.").

If Plaintiff wishes to raise objections to the ongoing criminal proceedings, he may do so by filing the appropriate motion in the criminal action.[1]  When the criminal matter is concluded, he may also raise any issues on direct appeal or in a motion under 28 U.S.C. § 2255.  Plaintiff must be sure to write the docket number for his criminal case, 19-CR-0745 (RMB), on any submission he sends to the Court with respect to his criminal case.

**B.      United States of America**

Under the doctrine of sovereign immunity, the United States of America is immune from any liability arising out of Plaintiff's claims.  The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived.[2]  *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Court therefore dismisses all claims brought against the United States of America under the doctrine of sovereign immunity.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[1] The Court notes that Plaintiff is represented by counsel in the criminal action.

[2] The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment.  *See* 28 U.S.C. § 1346(b)(1).  The facts as alleged, however, do not suggest that the FTCA is implicated here.

**C.      Prosecutorial Immunity**

Plaintiff's claims against Assistant United States Attorneys Juliana Newcomb Murray and Louis Anthony Pellegrino must also be dismissed. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, federal prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (in context of state prosecutors, holding that the prosecutors' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates and were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*).

Because Plaintiff's claims against Defendants appear to be based on their actions within the scope of their official duties and associated with their conduct during the course of the criminal proceedings, these claims are dismissed because they seek monetary relief against Defendants who are immune from suit and as frivolous. *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects

6

in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's complaint because it seeks relief against Defendants who are immune from such relief and because his claims are barred by the *Younger* abstention doctrine.

All other requests are denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is further directed to enter judgment in this case.

SO ORDERED.

Dated: October 27, 2021
New York, New York

_____
GREGORY H. WOODS
United States DistrictDistrict Judge